U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

MAY - 6 2013

CLERK, U.S. DISTRICT COURT
By_____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BRADLEY HAROLD ANDREWS,           §
                                  §
              Petitioner,         §
                                  §
v.                                §        No. 4:13-CV-119-A
                                  §
DEE ANDERSON, Sheriff,            §
Tarrant County, Texas,            §
                                  §
              Respondent.         §

MEMORANDUM OPINION
and
ORDER

This is a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 filed by petitioner, Bradley Harold Andrews, a

state prisoner currently incarcerated in the Tarrant County jail

in Fort Worth, Texas, against Dee Anderson, Sheriff of Tarrant

County, respondent.  After having considered the pleadings, state

court records, and relief sought by petitioner, the court has

concluded that the petition should be dismissed.

I.  Factual and Procedural History

Petitioner is serving a seven-year sentence for his 2011

Tarrant County conviction for burglary of a habitation in cause

number 1204957D.  (Pet. at 2)  In this habeas petition,

petitioner challenges a disciplinary proceeding conducted at the

jail in Disciplinary Case No. D83734.  (*Id.* at 5) Petitioner was

charged with possessing an altered item, a D-13 violation, and violation of a written, posted rule or policy, a C9 violation, both allegedly major infractions.  (*Id.*)  Petitioner appealed the guilty findings, but the sanctions were upheld by the appeals board.  (*Id.*, Attach., "Chief Deputy Disciplinary Appeals," dated January 11, 2013)  Respondent has filed a motion to dismiss the petition for failure to raise a cognizable claim.  (Resp't MTD at 3-5)

## II.  Issues

Petitioner claims (1) the disciplinary process was before a prejudiced and unjust disciplinary board and appeals board, (2) the evidence was legally insufficient to support guilty verdicts for major infractions, (3) the disciplinary charges were the result of retaliation against him by the disciplinary board and appeals board, and (4) respondent has failed to hire employees that can follow the law.  (Pet. at 6-7)  He seeks a reversal of the guilty verdicts, expungement of the disciplinary action from his record, injunctive relief, and a stay of all other disciplinary sanctions.  (*Id.* at 7)

## III.  Discussion

A state prisoner seeking federal habeas review pursuant to § 2254 must assert a violation of a federal constitutional right to

2

be entitled to such relief. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). In the context of disciplinary proceedings, habeas relief is appropriate when the allegations concern punishment which may ultimately affect the length of an inmate's confinement. *Cook v. Tx. Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994). Thus, a petition for writ of habeas corpus is the proper vehicle in which to protest a disciplinary proceeding that results in the loss of time credits, which could conceivably lengthen an inmate's duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1972).

This case does not involve the loss of time credits. To the extent the disciplinary proceeding resulted only in loss of privileges, which do not impact the fact or duration of confinement, the petition does not raise a cognizable constitutional claim on federal habeas review. *See Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999)

For the reasons discussed herein,

The court ORDERS that respondent's motion to dismiss be, and is hereby, granted and that the petition of petitioner for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed for failure to state a cognizable claim.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED May _____, 2013.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

4